UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                                    (973) 645-4693
BANKRUPTCY JUDGE                                                                       Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

JAN 20, 2006

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

January 20, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Porzio, Bromberg & Newman, P.C.
Terri Jane Freedman, Esq.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
*Attorneys for First National Bank of Arizona*

Atoo Heera Sakhrani
300 Gorge Road
Suite 59
Cliffside Park, New Jersey 07010
*Debtor, Pro se*

**Re:   In re Atoo Sakhrani**
      **Case No.: 05-34286 (DHS)**

Dear Litigants:

Before the Court is a motion filed by First National Bank of Arizona (hereinafter "FNBA") seeking relief from the automatic stay pursuant to § 362(d) of the Bankruptcy Code in order to allow it to proceed with litigation against the Debtor and other defendants in the United States District Court for the District of New

Page 2
January 20, 2006

Jersey ("District Court Litigation"). Although styled as a "cross-motion," the Debtor, Atoo Sakhrani, filed extensive opposition to the motion for stay relief. After carefully considering the submissions of both parties, for the reasons that follow FNBA's motion is hereby granted.

The Court will not restate the voluminous procedural history and underlying facts of the District Court Litigation for purposes of deciding this motion. It is sufficient to state that on June 20, 2002, FNBA filed a complaint against the Debtor as well as Majestic Home Mortgage, LLC, Cross State Title Agency, Maria Gargano, Steven Botulinkski, John Tarapata, and Lawyers Title Insurance Corporation, captioned *First National Bank of Arizona v. Majestic Home Mortgage, LLC, et al.*, Civil Action No. 02-2935 (JAG). The litigation arises from FNBA's allegation of providing the Debtor with a mortgage loan in the amount of $353,700.00 on property located at 300 Gorge Road, Cliffside Park, New Jersey. According to the submission filed by FNBA, the District Court Litigation has a long and tortured procedural history, characterized by the Debtor's "repetitive motions" and disregard for court orders. Notably, the District Court Litigation has been ongoing for over three years, involves nine different parties, cross-claims, counter-claims, and hundreds of filed pleadings. Further, as counsel for FNBA noted during oral argument, the Debtor has actually continued to litigate and filed several pleadings in the District Court Litigation subsequent to the filing of his bankruptcy petition on July 28, 2005.[1]

Section 362(d) of the Bankruptcy Code provides in relevant part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

[11 U.S.C. § 362(d) (West 2006)].

The notion of "cause" under § 362(d) is "viewed as a broad and flexible concept." In re The Score Board, Inc., 238 B.R. 585, 593 (D.N.J. 1999) (citation omitted). The court has the flexibility and the

---

[1] For example, on September 1, 2005, the Debtor filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 against counsel for FNBA, and on November 9, 2005 filed a motion captioned, "Notice and Demand with Affidavit for US. [sic] Magistrate to Invoke Authority and Empower/Empanel a Grand Jury Investigation." Furthermore, the Debtor has filed several pleadings subsequent to the filing of his bankruptcy petition in response to motions filed by FNBA.

Page 3
January 20, 2006

discretion to fashion the relief to the circumstances of the particular matter. Id. (citations omitted). On a motion to lift or modify the automatic stay, the burden of proof is a shifting one. That is, § 362(d)(1) of the Code requires an initial showing of "cause" by the movant, while § 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property." In re Telegroup, Inc., 237 B.R. 87, 91 (Bankr. D.N.J. 1999) (citations omitted). It is well-settled that a basis for granting relief from the automatic stay for "cause" exists when it is necessary to permit litigation to be concluded in another forum, particularly if the non-bankruptcy suit involves multiple parties or is ready for trial. Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC), 304 B.R. 111, 130 (Bankr. D.N.J. 2004); In re Telegroup, Inc., 237 B.R. at 87. Moreover, actions which are only remotely related to the bankruptcy case, or which involve the rights of third parties often will be permitted to proceed against the debtor in another forum. Id. (citation omitted).

      The legislative history to section 362(d)(1) supports this conclusion:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.
>
> [S.Rep. No. 95-989 at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.]

      In determining whether to grant relief from the automatic stay so as to permit a party in interest to continue prosecuting a matter in another forum, courts will often rely upon the following factors: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of the harms. In re Mid-Atlantic Handling Sys., LLC, 304 B.R. at 130 (citing In re Ice Cream Liquidation, Inc., 281 B.R. 154, 165 (Bankr. D. Conn. 2002)). See also In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)(utilizing same factors). All twelve factors are not necessarily present in a particular case, and a

Page 4
January 20, 2006

court need not rely on any plurality of factors in deciding whether to lift the automatic stay. In re Mid-Atlantic Handling Sys., LLC, 304 B.R. at 130 (citing In re Ice Cream Liquidation, Inc., 281 B.R. at 165).

The Court finds that FNBA has satisfied its burden of demonstrating "cause" to warrant relief from the automatic stay and, most certainly, principles of judicial economy and the expeditious resolution of the District Court Litigation militate in favor of granting FNBA the requested stay relief. This finding is particularly appropriate in this case because, as counsel for FNBA aptly noted during oral argument, the District Court Litigation is a "complicated morass" of substantive and procedural issues – issues that the District Court judge and magistrate have been intimately involved in and wrestling with for over three years. Moreover, the opposition filed by the Debtor actually demonstrates the need for the District Court Litigation to continue. That is, the great majority of the Debtor's opposition addresses the underlying merits of the claims filed by FNBA and the alleged "sharp practices" by FNBA's attorneys. Simply put, given the prolonged involvement by the District Court in the underlying litigation, and its familiarity with the legal issues and the contentions raised by the many competing parties, the District Court is in the best position to handle the remaining aspects of the litigation and address the substantive matters raised by the Debtor in his objection, all of which are presently before, or can be before, the District Court.[2]

Finally, this Court finds that the Debtor will not be prejudiced by continuing to litigate the District Court Litigation. As counsel for FNBA noted during oral argument, the Debtor has proven himself "willing and able to fight" the District Court Litigation, even doing so after the filing of his bankruptcy petition. If, as the Debtor alleges, the claims filed by FNBA are in fact "frivolous and malicious," then the Debtor's estate will be benefitted by completing the litigation of the claims on their merits. Moreover, given the Debtor's history of actively participating in the District Court Litigation by, *inter alia*, filing his own motions, opposing the motions filed by FNBA, filing separate lawsuits in both state and federal court against the same parties involved in the District Court Litigation, filing a lawsuit against FNBA's counsel in their individual capacities, filing a motion to disqualify both the District Court and Magistrate Judges overseeing the District Court Litigation, and apparently filing motions to reconsider many of the orders entered by the District Court, it cannot be accepted that the Debtor will now somehow be disadvantaged or prejudiced by continuing to litigate the pending action. Consequently, the motion for stay relief filed by FNBA is hereby granted, and the District Court Litigation is permitted to proceed against the Debtor up to and including the entry of judgment and the issuance of a writ of execution. FNBA shall not be allowed to collect on any money judgment until further order from this Court.

---

[2]This conclusion is bolstered by the fact that, as counsel for FNBA represented during oral argument, a dispositive motion is currently pending before the District Court. The Debtor, however, counters that no such motion is pending.

Page 5
January 20, 2006

      An Order in conformance with this Opinion has been entered by the Court and a copy enclosed.

      Very truly yours,

      s/  **Donald H. Steckroth**

      DONALD H. STECKROTH
      UNITED STATES BANKRUPTCY JUDGE

Enclosure