UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

FEB 09 2006

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

February 9, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Norris, McLaughlin & Marcus, P.C.
Robert L. Schmidt, Esq.
721 Route 202-206
P.O. Box 1018
Somerville, New Jersey 08876-1018
***Attorneys for Washington Mutual Bank, FA***

Atoo Heera Sakhrani
300 Gorge Road
Suite 59
Cliffside Park, New Jersey 07010
***Debtor, Pro se***

**Re:  In re Atoo Sakhrani**
      **Case No.: 05-34286 (DHS)**

Dear Litigants:

Before the Court is a motion filed by the Debtor, Atoo Sakhrani, seeking a reconsideration of this Court's January 3, 2006 Order granting relief from the automatic stay in favor of Washington Mutual Bank, F.A. with respect to property owned by the Debtor located at 440 Oncrest Terrace, Cliffside Park, New

Page 2
February 9, 2006

Jersey. The motion for reconsideration is opposed by Washington Mutual Bank, F.A. ("Washington Mutual") and Mr. Sakhrani filed a reply memorandum. For the reasons that follow, the motion for reconsideration is hereby denied.

By way of background, on July 28, 2005, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code; on November 9, 2005, the case was converted to Chapter 11. On December 13, 2005, Washington Mutual filed a motion for relief from the automatic stay with respect to the Debtor's real property located at 440 Oncrest Terrace, Cliffside Park, New Jersey. A certification accompanying the motion for stay relief provided that the last payment credited to the Debtor's account was for May of 2003. The pre-petition arrears amounted to $127,468.17, and the Debtor had made no post-petition payments. In fact, post-petition arrears for the months of August, 2005 to December, 2005 accumulated to $13,499.34. Moreover, the certification stated that the total amount owed to Washington Mutual is $429,103.17. Washington Mutual maintained in its motion that there was no equity in the property, as evidenced by the Debtor's own schedules in which he listed the property as having a fair market value of $210,000. Washington Mutual sought stay relief in order to continue foreclosure proceedings in the Superior Court of New Jersey, Chancery Division, Bergen County.[1]

The Debtor filed extensive opposition to the motion for stay relief. Rather than substantively defend the motion on its merits, however, and satisfy his burden of proof on all issues, other than the issue of equity, as required by 11 U.S.C. § 362(g), the Debtor's objection rested on three tangential and unsubstantiated arguments: 1) since Washington Mutual had not yet filed a proof of claim "of any debt owed to them by Debtor," it did not have standing to file the motion and its actions constituted "bad faith"; 2) the Debtor claims to have filed a Truth-In-Lending Act rescission, which allegedly relieves him of any debt obligation owed to Washington Mutual; and 3) the Debtor accuses Washington Mutual of committing "predatory lending practices of packing and equity stripping."

At oral argument on the motion for stay relief, the Court requested the Debtor to focus upon the elements of § 362 necessary for stay relief and the relief requested by the movant. After argument, the Court concluded that 1) Washington Mutual's interest in the property was not adequately protected because no post-petition payments have been made by the Debtor; 2) there was no equity in the property given the mortgage debt and the value of the property as acknowledged by the Debtor; and 3) the property is not necessary to an effective reorganization given the fact that it is not the Debtor's primary residence. Consequently, on January 3, 2006, this Court entered an Order granting Washington Mutual's motion for relief from the automatic stay, thus allowing the foreclosure action to proceed in the state court and the Debtor free to defend the action in that forum.

---

[1] It is understood that the foreclosure proceedings are currently before the Appellate Division of the Superior Court.

Page 3
February 9, 2006

The Debtor filed the present motion for reconsideration on January 12, 2006. In his moving papers, the Debtor neglects to raise issues specifically relating to why the motion for stay relief was allegedly entered in error. Instead, the Debtor rehashes the arguments already presented to the Court in opposing Washington Mutual's underlying motion, namely, that he "timely and properly" filed a Truth-In-Lending Act rescission (an issue not even before this Court) and that Washington Mutual engaged in "predatory lending schemes." The closest the Debtor comes to addressing the merits of the stay relief motion are the following unsupported statements: "The Bankruptcy Court erroneously allowed Washington Mutual Bank relief from the automatic stay on the incorrect basis that post-petition payments were not made by Debtor. The post-petition payment[] [history] by Washington Mutual Bank attached to their motion for relief from stay [is] completely erroneous. There is no basis for their post-petition figures. Debtor claims that there are offsets as against the post-petition payments and, in fact, Washington Mutual Bank owes the Debtor post-petition 'credits.'" Although the Debtor refutes the allegations that no post-petition payments were made and the post-petition payment history offered by Washington Mutual is "completely erroneous," other that these bald assertions the Debtor has submitted no verifiable evidence to satisfactorily rebut these claims, for example, by submitting copies of checks cashed by Washington Mutual or bank statements reflecting mortgage payments deducted by Washington Mutual in satisfaction of monthly mortgage payments.

Against this background, the Court will turn to its legal conclusions with respect to the motion for reconsideration.

A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; and 3) there is an intervening change in the controlling law. In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 182 (Bankr. D.N.J. 2002)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A bankruptcy court has discretion to either grant or deny a moving party's motion for reconsideration. In re Christie, 222 B.R. 64, 68 (Bankr. D.N.J. 1998)(citation omitted).

In determining whether to grant a motion for reconsideration, a court must take several guiding principles into consideration. In satisfying its burden of demonstrating the need for reconsideration, the moving party must set forth "'concisely the matters or controlling decisions which the counsel believes the court has overlooked.'" In re Christie, 222 B.R. at 67 (quoting Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1219 (D.N.J. 1993). A motion for reconsideration cannot be used as a "'vehicle to reargue the motion or to present evidence which should have been raised before.'" Id. at 68 (quoting Database, 825 F. Supp. at 1220). That is, a motion for reconsideration should not provide the parties with an opportunity for a "second bite at the apple." Id. at 67 (citing Database, 825 F. Supp. at 1220). Further, the moving party must show more than "'mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision.'" Id. at 68 (quoting Database, 825 F. Supp. at 1220).

Page 4
February 9, 2006

A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked. In re Engel, 190 B.R. 206, 211-12 (Bankr. D.N.J. 1995). A reconsideration motion is inappropriate to be used to reargue positions previously made or to otherwise ask the court to rethink issues already considered, rightly or wrongly. Id. at 212 (citing Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826 (D.N.J. 1992)). Finally, a motion for reconsideration is an extraordinary remedy that should be used "sparingly" and limited to exceptional circumstances. In re Christie, 222 B.R. at 68 (citing Lony v. E.I. DuPont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991)).

As Washington Mutual correctly notes and reiterated at oral argument, the Debtor cites to no intervening change in controlling law. In fact, the Debtor does not even address the standards for stay relief in his original opposition papers or in his motion for reconsideration. Further, the Debtor fails to identify any newly available evidence *as it pertains to the merits of the underlying motion for stay relief*. Instead, the Debtor retreads his arguments regarding his alleged Truth-In-Lending Act rescission, the accusations of allegedly bad faith acts committed by Washington Mutual, and the alleged "predatory lending practices" of Washington Mutual. All of this information was presented by the Debtor to the Court during the underlying stay relief motion and has been heard and determined by the state court in the underlying proceedings.

Finally, the Debtor has failed to identify any clear error of law or to present manifest injustice warranting reconsideration. In this vein it is incumbent upon the party moving for reconsideration to show dispositive factual matters or controlling decisions of law that were overlooked by the court in reaching its prior decision. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 2000). A mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reconsideration. Id. (citation omitted). Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain a motion for reconsideration. Id. (citation omitted). As Washington Mutual correctly argues, the Debtor has failed to satisfy his burden of demonstrating any dispositive factual matters or controlling decisions of law that were overlooked by this Court in granting the underlying motion for stay relief.

For these reasons, the Debtor's motion for reconsideration be and hereby is denied.

An Order in conformance with this Opinion has been entered by the Court and a copy enclosed.

Very truly yours,

s/ **Donald H. Steckroth**
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure