UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

| | |
|---|---|
| DONALD H. STECKROTH<br>BANKRUPTCY JUDGE | (973) 645-4693<br>Fax: (973) 645-2606 |

**FILED**
JAMES J. WALDRON, CLERK

FEB 24 2006

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

<u>**NOT FOR PUBLICATION**</u>

February 24, 2006

<u>**LETTER OPINION**</u>
<u>**ORIGINAL FILED WITH THE CLERK OF THE COURT**</u>

Porzio, Bromberg & Newman, P.C.
Terri Jane Freedman, Esq.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
*Attorneys for First National Bank of Arizona*

Atoo Heera Sakhrani
300 Gorge Road
Suite 59
Cliffside Park, New Jersey 07010
*Debtor, Pro se*

**Re:   In re Atoo Sakhrani**
       <u>**Case No.: 05-34286 (DHS)**</u>

Dear Litigants:

      Before the Court is a motion for reconsideration filed by the Debtor, Atoo Sakrani, *pro se*, requesting that the Court reconsider its January 20, 2006 written Opinion and accompanying Order that granted First National Bank of Arizona (hereinafter "FNBA") relief from the automatic stay pursuant to § 362(d) of the

Page 2
February 24, 2006

Bankruptcy Code in order to allow FNBA to proceed with litigation against the Debtor and other defendants in the United States District Court for the District of New Jersey ("District Court Litigation"). The Debtor filed extensive opposition to the underlying motion for stay relief. After carefully considering the submissions of both parties, and for the reasons expressed in the January 20, 2006 written Opinion, the Court granted FNBA's motion for stay relief. For the reasons expressed herein, the Debtor's motion for reconsideration is hereby denied.

## I.     Factual and Procedural Background

The Court will not restate the voluminous procedural history and underlying facts of the District Court Litigation for purposes of deciding this motion. It is sufficient to state that on June 20, 2002, FNBA filed a complaint against the Debtor as well as Majestic Home Mortgage, LLC, Cross State Title Agency, Maria Gargano, Steven Botulinkski, John Tarapata, and Lawyers Title Insurance Corporation, captioned *First National Bank of Arizona v. Majestic Home Mortgage, LLC, et al.*, Civil Action No. 02-2935 (JAG). The litigation arises from FNBA's allegation of providing the Debtor with a mortgage loan in the amount of $353,700.00 on property located at 300 Gorge Road, Cliffside Park, New Jersey. According to the submission filed by FNBA, the District Court Litigation has a long and tortured procedural history, characterized by the Debtor's "repetitive motions" and disregard for court orders. Notably, the District Court Litigation has been ongoing for over three years, involves nine different parties, cross-claims, counter-claims, and hundreds of filed pleadings. Further, as counsel for FNBA noted during oral argument, the Debtor has actually continued to litigate and filed several pleadings in the District Court Litigation subsequent to the filing of his bankruptcy petition on July 28, 2005.[1]

FNBA filed the underlying motion for stay relief so as to permit the parties to continue the District Court Litigation. In deciding to lift the automatic stay under § 362(d) of the Code, the Court concluded as follows:

> The Court finds that FNBA has satisfied its burden of demonstrating "cause" to warrant relief from the automatic stay and, most certainly, principles of judicial economy and the expeditious resolution of the District Court Litigation militate in favor of granting FNBA the requested stay relief. This finding is particularly appropriate in this case because, as

---

[1] For example, on September 1, 2005, the Debtor filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 against counsel for FNBA, and on November 9, 2005 filed a motion captioned, "Notice and Demand with Affidavit for US. [sic] Magistrate to Invoke Authority and Empower/Empanel a Grand Jury Investigation." Furthermore, the Debtor has filed several pleadings subsequent to the filing of his bankruptcy petition in response to motions filed by FNBA.

Page 3
February 24, 2006

counsel for FNBA aptly noted during oral argument, the District Court Litigation is a "complicated morass" of substantive and procedural issues – issues that the District Court judge and magistrate have been intimately involved in and wrestling with for over three years. Moreover, the opposition filed by the Debtor actually demonstrates the need for the District Court Litigation to continue. That is, the great majority of the Debtor's opposition addresses the underlying merits of the claims filed by FNBA and the alleged "sharp practices" by FNBA's attorneys. Simply put, given the prolonged involvement by the District Court in the underlying litigation, and its familiarity with the legal issues and the contentions raised by the many competing parties, the District Court is in the best position to handle the remaining aspects of the litigation and address the substantive matters raised by the Debtor in his objection, all of which are presently before, or can be before, the District Court.

Finally, this Court finds that the Debtor will not be prejudiced by continuing to litigate the District Court Litigation. As counsel for FNBA noted during oral argument, the Debtor has proven himself "willing and able to fight" the District Court Litigation, even doing so after the filing of his bankruptcy petition. If, as the Debtor alleges, the claims filed by FNBA are in fact "frivolous and malicious," then the Debtor's estate will be benefitted by completing the litigation of the claims on their merits. Moreover, given the Debtor's history of actively participating in the District Court Litigation by, *inter alia*, filing his own motions, opposing the motions filed by FNBA, filing separate lawsuits in both state and federal court against the same parties involved in the District Court Litigation, filing a lawsuit against FNBA's counsel in their individual capacities, filing a motion to disqualify both the District Court and Magistrate Judges overseeing the District Court Litigation, and apparently filing motions to reconsider many of the orders entered by the District Court, it cannot be accepted that the Debtor will now somehow be disadvantaged or prejudiced by continuing to litigate the pending action. Consequently, the motion for stay relief filed by FNBA is hereby granted, and the District Court Litigation is permitted to proceed against the Debtor up to and including the entry of judgment and the issuance of a writ of execution.

The gravamen of the Debtor's arguments with respect to his motion for reconsideration focus upon the allegedly inappropriate conduct of FNBA's counsel during the hearing on the underlying motion for stay

Page 4
February 24, 2006

relief. Among the conclusory statements made by the Debtor in his motion for reconsideration include the following:

> The January 20th, 2006 Order is in error because it was based on a number of misrepresentations and false representations by the attorneys for [FNBA] . . . .[2]
>
> Attorneys for FNBA . . . made false representations to this Court to prejudice and inflame the Court against the Debtor. This was uncalled for. One of the main issues was that [FNBA's counsel] argued . . . that there was a "dispositive" motion pending before . . . Judge Greenaway that had not been decided. That motion was denied by Judge Greenaway. There is no dispositive motion pending before him . . . .[3]
>
> This Court should have never given FNBA relief from stay because they [sic] perpetrated a fraud and continue the fraud before this Court. This Court must report this fraud by a major national bank to the U.S. Justice Department . . . .[4]
>
> Reconsideration is paramount here, because FNBA and its attorneys, . . . lied, perjured themselves, made false representations and perpetrated frauds upon this Bankruptcy Court. The January 20, 2006 Order is tainted because of this and must be nullified and voided, and the automatic stay against FNBA be reinstated.[5]

Against this background, the Court will turn to its legal conclusions.

---

[2] See "Debtor's Certification in Support of Notice of Motion for Reconsideration of the January 20, 2006 Order," ¶ 1 (hereinafter "Debtor Cert.").

[3] Debtor Cert., ¶¶ 3 and 4.

[4] Debtor Cert., ¶ 10.

[5] Debtor Cert., ¶ 13.

Page 5
February 24, 2006

## II.  Discussion

A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; and 3) there is an intervening change in the controlling law. In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 182 (Bankr. D.N.J. 2002)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A bankruptcy court has discretion to either grant or deny a moving party's motion for reconsideration. In re Christie, 222 B.R. 64, 68 (Bankr. D.N.J. 1998)(citation omitted).

In determining whether to grant a motion for reconsideration, a court must take several guiding principles into consideration. In satisfying its burden of demonstrating the need for reconsideration, the moving party must set forth "'concisely the matters or controlling decisions which the counsel believes the court has overlooked.'" In re Christie, 222 B.R. at 67 (quoting Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1219 (D.N.J. 1993). A motion for reconsideration cannot be used as a "'vehicle to reargue the motion or to present evidence which should have been raised before.'" Id. at 68 (quoting Database, 825 F. Supp. at 1220). That is, a motion for reconsideration should not provide the parties with an opportunity for a "second bite at the apple." Id. at 67 (citing Database, 825 F. Supp. at 1220). Further, the moving party must show more than "'mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision.'" Id. at 68 (quoting Database, 825 F. Supp. at 1220).

A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked. In re Engel, 190 B.R. 206, 211-12 (Bankr. D.N.J. 1995). A reconsideration motion is inappropriate to be used to reargue positions previously made or to otherwise ask the court to rethink issues already considered, rightly or wrongly. Id. at 212 (citing Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826 (D.N.J. 1992)). Finally, a motion for reconsideration is an extraordinary remedy that should be used "sparingly" and limited to exceptional circumstances. In re Christie, 222 B.R. at 68 (citing Lony v. E.I. DuPont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991)).

Simply put, the Debtor utterly fails to satisfy the standard warranting a reconsideration of this Court's January 20, 2006 written Opinion and Order. First, the Debtor has proffered no newly available evidence which would have caused this Court to perhaps decide the underlying motion for stay relief any differently. Second, the Debtor has not demonstrated that the Court committed a "clear error of law" in granting stay relief to FNBA (i.e., by presenting controlling legal precedent that the Court overlooked in rendering its decision). Third, the Debtor has not demonstrated an "intervening change in the controlling law" governing § 362(d) of the Bankruptcy Code that would cause this Court to reevaluate its decision. Instead, the Debtor's own inflammatory and conclusory accusations aimed at FNBA's counsel demonstrates to this Court a "mere disagreement" with the January 20, 2006 written Opinion and accompanying Order, and an attempt to obtain

Page 6
February 24, 2006

the proverbial "second bite at the apple." See 222 B.R. at 67-68. As stated in the January 20, 2006 written Opinion, to the extent that the Debtor continues to regurgitate to this Court legal arguments addressing the underlying merits of the District Court Litigation, the Debtor should understand that he will be able to present all of his affirmative arguments and alleged defenses to the District Court for consideration on the merits.[6] This Court is still convinced that the District Court is the appropriate forum to adjudicate the matter for the reasons expressed in the January 20, 2006 Opinion.[7]

### III.   Conclusion

Based upon the foregoing, the Debtor's motion for reconsideration of this Court's January 20, 2006 Opinion and accompanying Order is hereby denied.

An Order in conformance with this Opinion has been entered by the Court and a copy enclosed.

Very truly yours,

s/   **Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure

---

[6] In fact, on the morning of oral argument the Debtor filed with the Court a reply brief to the opposition filed by FNBA. The Court has reviewed this submission and considered it in rendering this Opinion. Once again, the reply filed by the Debtor focuses upon the underlying merits of the District Court Litigation, namely, that "no mortgage loan or note" exists because the Debtor "timely rescinded it under the 3-day statutory mandate" of the Truth in Lending Act. As already noted, whether a valid mortgage or note, or both, exists is a matter before the District Court, which is precisely the reason why this Court granted FNBA's motion for stay relief so as to enable the District Court Litigation to proceed on the merits.

[7] With respect to the issue of whether a dispositive motion is actually pending before Judge Greenaway, even if the motion has been denied as the Debtor contends, this still would not have changed the Court's decision to grant FNBA relief from the automatic stay.