UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**MARCH 29, 2006**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

March 29, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Porzio, Bromberg & Newman, P.C.
Terri Jane Freedman, Esq.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
*Attorneys for First National Bank of Arizona*

Atoo Heera Sakhrani
300 Gorge Road
Suite 59
Cliffside Park, New Jersey 07010
*Debtor, Pro se*

**Re:** **In re Atoo Sakhrani**
**Case No.: 05-34286 (DHS)**

Page 2
March 29, 2006

Dear Litigants:

Before the Court is a motion filed by the Debtor, Atoo Sakhrani, *pro se*, simply styled as a "motion opposing February 24, 2006 Order and Opinion for cause." As explained in greater detail below, the Debtor's motion can be best re-characterized as a second motion for reconsideration. For the following reasons, the Debtor's motion is hereby denied.

An explication of the procedural history underlying the Debtor's motion is necessary. On December 21, 2005, First National Bank of Arizona (hereinafter "FNBA") filed a motion for relief from the automatic stay seeking to proceed with litigation against the Debtor and other defendants in the United States District Court for the District of New Jersey ("District Court Litigation"). Although styled as a "cross-motion," the Debtor filed extensive opposition to the motion for stay relief. After carefully considering the submissions of both parties, the Court granted FNBA's motion for stay relief.

The Court will not restate the voluminous procedural history and underlying facts of the District Court Litigation for purposes of deciding this second motion for reconsideration. It is sufficient to state that on June 20, 2002, FNBA filed a complaint against the Debtor as well as Majestic Home Mortgage, LLC, Cross State Title Agency, Maria Gargano, Steven Botulinkski, John Tarapata, and Lawyers Title Insurance Corporation, captioned *First National Bank of Arizona v. Majestic Home Mortgage, LLC, et al.*, Civil Action No. 02-2935 (JAG). The litigation arises from FNBA's allegation of providing the Debtor with a mortgage loan in the amount of $353,700.00 on property located at 300 Gorge Road, Cliffside Park, New Jersey. According to the submission filed by FNBA, the District Court Litigation has a long and tortured procedural history, characterized by the Debtor's "repetitive motions" and disregard for court orders. Notably, the District Court Litigation has been ongoing for over three years, involves nine different parties, cross-claims, counter-claims, and hundreds of filed pleadings. Further, as counsel for FNBA noted, the Debtor has actually filed several pleadings in the District Court Litigation subsequent to the filing of his bankruptcy petition on July 28, 2005.

The Court concluded that FNBA satisfied its burden of demonstrating "cause" to warrant relief from the automatic stay and, most certainly, principles of judicial economy and the expeditious resolution of the District Court Litigation militated in favor of granting FNBA the requested stay relief. This finding was particularly appropriate in this case because the District Court Litigation is a "complicated morass" of substantive and procedural issues – issues that the District Court judge and magistrate have been intimately involved in and wrestling with for over three years. Moreover, as noted in the January 20, 2006 written Opinion of this Court granting FNBA the requested stay relief, the opposition filed by the Debtor actually demonstrates the need for the District Court Litigation to continue. That is, the great majority of the Debtor's opposition addressed (and continues to address even in this second motion for reconsideration) the underlying merits of the claims filed by FNBA and the alleged "sharp practices" by FNBA's attorneys. Based upon the prolonged involvement by the District Court in the underlying litigation, and its familiarity with the legal issues

Page 3
March 29, 2006

and the contentions raised by the many competing parties, this Court concluded that the District Court is in the best position to handle the remaining aspects of the litigation and to address the substantive matters raised by the Debtor in his objection, all of which are presently before, or can be before, the District Court.

Not satisfied with the Court's decision and with the January 20, 2006 Opinion granting stay relief in favor of FNBA, the Debtor filed a motion for reconsideration on January 30, 2006. FNBA opposed the motion for reconsideration. On February 24, 2006, this Court issued a written Opinion and accompanying Order denying the Debtor's motion for reconsideration. As stated in the February 24, 2006, Opinion, the gravamen of the Debtor's arguments with respect to his motion for reconsideration focused upon the allegedly inappropriate conduct of FNBA's counsel during the hearing on the underlying motion for stay relief. Among the conclusory statements made by the Debtor in his motion for reconsideration included the following:

> The January 20th, 2006 Order is in error because it was based on a number of misrepresentations and false representations by the attorneys for [FNBA] . . . .[1]
>
> Attorneys for FNBA . . . made false representations to this Court to prejudice and inflame the Court against the Debtor. This was uncalled for. One of the main issues was that [FNBA's counsel] argued . . . that there was a "dispositive" motion pending before . . . Judge Greenaway that had not been decided. That motion was denied by Judge Greenaway. There is no dispositive motion pending before him . . . .[2]
>
> This Court should have never given FNBA relief from stay because they [sic] perpetrated a fraud and continue the fraud before this Court. This Court must report this fraud by a major national bank to the U.S. Justice Department . . . .[3]
>
> Reconsideration is paramount here, because FNBA and its attorneys, . . . . lied, perjured themselves, made false representations and perpetrated frauds upon this Bankruptcy Court. The January 20, 2006 Order is

---

[1] See "Debtor's Certification in Support of Notice of Motion for Reconsideration of the January 20, 2006 Order," ¶ 1 (hereinafter "Debtor Cert.").

[2] Debtor Cert., ¶¶ 3 and 4.

[3] Debtor Cert., ¶ 10.

Page 4
March 29, 2006

>  tainted because of this and must be nullified and voided, and the automatic stay against FNBA be reinstated.[4]

With respect to the Debtor's initial motion for reconsideration, this Court held as follows:

> Simply put, the Debtor utterly fails to satisfy the standard warranting a reconsideration of this Court's January 20, 2006 written Opinion and Order. First, the Debtor has proffered no newly available evidence which would have caused this Court to perhaps decide the underlying motion for stay relief any differently. Second, the Debtor has not demonstrated that the Court committed a "clear error of law" in granting stay relief to FNBA (*i.e.*, by presenting controlling legal precedent that the Court overlooked in rendering its decision). Third, the Debtor has not demonstrated an "intervening change in the controlling law" governing § 362(d) of the Bankruptcy Code that would cause this Court to reevaluate its decision. Instead, the Debtor's own inflammatory and conclusory accusations aimed at FNBA's counsel demonstrates to this Court a "mere disagreement" with the January 20, 2006 written Opinion and accompanying Order, and an attempt to obtain the proverbial "second bite at the apple." As stated in the January 20, 2006 written Opinion, to the extent that the Debtor continues to regurgitate to this Court legal arguments addressing the underlying merits of the District Court Litigation, the Debtor should understand that he will be able to present all of his affirmative arguments and alleged defenses to the District Court for consideration on the merits. This Court is still convinced that the District Court is the appropriate forum to adjudicate the matter for the reasons expressed in the January 20, 2006 Opinion.

Consequently, by written Opinion and accompanying Order dated February 24, 2006, the Court denied the Debtor's initial motion for reconsideration. It is this February 24, 2006 Opinion and Order that the Debtor wishes to revisit in the present motion before the Court.

In the present motion, the Debtor once again asks this Court to determine issues that are currently before the District Court, namely, whether he complied with the Truth In Lending Act in allegedly "rescinding" his mortgage with FNBA and whether FNBA failed "to provide pre-closing and closing disclosures to [him] as required under the Homeowner's Equity Protection Act." In addition, the Debtor also wants this Court to investigate why FNBA is allegedly "not litigating its claims against co-defendants Majestic Home Mortgage,

---

[4]Debtor Cert., ¶ 13.

Page 5
March 29, 2006

LLC and their agents, and Crosstate Title Agency, Inc. and their agents, and Lawyers Title Insurance Corporation for the action FNBA brought against them for consumer fraud, fraud in the inducement, breach of contract . . . and is only litigating claims against [him] and his wife . . . ."[5]

As has been stated by this Court on two prior occasions, the contentions raised by the Debtor in the present motion relate to the merits of the District Court Litigation, and the Debtor will have the ability to raise these issues in the District Court and have them considered on the merits. The Debtor's clear aversion and great reluctance to continue the District Court Litigation is simply not a basis for this Court to reconsider its underlying decision granting stay relief to FNBA. The findings made by the Court in its February 24, 2006 Opinion remain unchanged. Consequently, the Debtor's motion "opposing" the denial of his first motion for reconsideration is hereby denied.

An Order in conformance with this Opinion has been entered by the Court and a copy enclosed.

Very truly yours,

s/ **Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure

---

[5] In the present motion, the Debtor also states as follows: "I object and oppose the order and opinion of this Court for cause, on grounds that you are demonstrating bias against me by making reference to FNBA's allegations that I am somehow filing 'repetitive motions' and have a disregard for court orders." A cursory review of the docket sheet in the Debtor's bankruptcy case, however, reveals the irony of this statement. For example, not only has the Debtor filed two motions for reconsideration of FNBA's stay relief motion, the Debtor initially opposed and subsequently filed a motion for reconsideration with respect to a stay relief motion filed by another creditor on the exact same basis as his initial opposition to the motion. In addition, the Debtor has also filed a motion for injunctive relief against counsel for FNBA with respect to the District Court Litigation. For whatever reason, the Debtor appears to have adopted a strategy of filing variously-styled motions in an attempt to forestall the effects of stay relief orders and to hinder the continuation of the District Court Litigation.